UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT J. KROCKA,

    Plaintiff,

v.                                                            Case No. 8:04-cv-2437-T-23MSS

ROBERT LUCAS, et al.,

    Defendants.
_____/

## **O R D E R**

Krocka was a pretrial detainee confined in the Hillsborough County jail when he commenced this civil rights action pursuant to 42 U.S.C. § 1983. Krocka alleges in his amended complaint (Doc. 36) that in July, 2004, the defendants intercepted and copied his incoming and outgoing mail addressed to both his family and the attorney appointed to represent him in ongoing criminal proceedings. Pending are motions to dismiss pursuant to Rule 12(b)(6), Federal Rules Civil Procedure, by Peters (Doc. 38); Lucas, Griffiths, and Fleet (Doc. 42); and Otto (Doc. 53).[1] Krocka opposes each motion (Doc. 46, 51, and 55).

### **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The defendants argue that Krocka's failure to exhaust all available administrative remedies requires dismissal of this action. The defendants are correct that exhaustion of administrative remedies is required before proceeding with a federal action under

---

[1] Defendant Otto initially sought dismissal in a motion to dismiss (Doc. 42) for Krocka's failure to properly effect service. The court considers that request moot because Krocka subsequently effected service and Otto filed the pending motion to dismiss (Doc. 53) based on Rule 12(b)(6).

Section 1983.  "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhibits attached to the amended complaint show that Krocka exhausted his administrative remedies regarding the July, 2004, interference with his mail.  Krocka alleges in his amended complaint that the defendants again interfered with his mail in 2005.  The defendants are correct that Krocka fails to show that he exhausted his administrative remedies for any alleged acts of interference after July, 2004.  Consequently, Krocka's claim of unconstitutional interference with his mail is limited to the July, 2004, incident.

### RULE 12(b)(6) MOTION TO DISMISS

In resolving a challenge that asserts the complaint's failure to state a claim, the court should construe the material allegations favorably to the non-moving party.  Kirby v. Siegleman, 195 F.3d 1285, 1289 (11th Cir. 1999).  An especially lenient standard applies to allegations in a pro se complaint.  Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995).

Krocka certainly retains some First Amendment protections while a pretrial detainee, specifically including the right to correspond by mail with the attorney representing him in pending criminal proceedings.  Thornburg v. Abbott, 490 U.S. 401, 407 (1989) ("Access [to inmates] is essential to lawyers and legal assistants representing prisoner clients . . .").  Although an incarcerated individual retains the First Amendment right to send and receive mail, the right is not unrestricted.  Prisons may adopt regulations that restrict constitutional rights if the regulations are "reasonably

related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. at 413, citing Turner v. Safley, 482 U.S. 78, 89 (1987). See also Procunier v. Martinez, 416 U.S. 396 (1974).

Custodians:

As a general principle, Krocka's complaint states a potentially valid claim against Lucas, Griffiths, Otto, and Fleet, who are the jail personnel Krocka alleges interfered with his mail. The defendants' interference with Krocka's mail was inappropriate if the circumstances did not justify intervention. Consequently, Krocka may pursue his claims against Lucas, Griffiths, Otto, and Fleet. When deciding a Rule 12(b)(6) motion to dismiss, this court must accept as true Krocka's factual allegations and cannot look beyond the complaint to acquire facts to refute the allegations. When deciding a Rule 56 motion for summary judgment, this court may consider "depositions, answers to interrogatories, . . . admissions, [and] affidavits" to determine whether "there [are] genuine issue[s] as to any material fact . . . ." Whether the interference with Krocka's mail was appropriate depends on the specific circumstances addressed more appropriately by a motion for summary judgment.

Prosecutor:

Krocka alleges that Peters, the prosecutor in his then-pending criminal case, "communicated with . . . Fleet and requested that [Krocka's] mail be copied or monitored and that she be provided with copies of his mail and notified of any suspicious mail . . . ." Krocka alleges that Peters was attempting to "gain an unfair advantage in the prosecution of" Krocka's criminal case. Krocka alleges that, as a consequence, his mail

- 3 -

"was scanned onto a computer disk" and given to Peters.

Peters requests dismissal based on the doctrine of absolute immunity. Prosecutors are entitled to absolute immunity for their quasi-judicial actions undertaken within the scope of their authority as an advocate. Imbler v. Pachtman, 424 U.S. 409 (1976); Jones v. Cannon, 174 F.3d 1271, 1281-82 (11th Cir. 1999). Protection of the prosecutorial function, rather than protection of prosecutors themselves, justifies prosecutorial immunity. As a consequence, the availability of absolute immunity depends on the nature of the function performed. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) ("[T]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor."); Forrester v. White, 484 U.S. 219, 229, (1988) (Whether a prosecutor is entitled to prosecutorial immunity depends on "the nature of the function performed, not the identity of the actor who performed it.").

Krocka argues that because Peters' actions were investigatory and beyond her prosecutorial duties, she is not entitled to absolute immunity. The investigatory functions of a prosecutor "that do not relate to . . . [the] preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Buckley v. Fitzsimmons, 509 U.S. at 273.

> A prosecutor functions as an investigator when he "search[es] for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested." For example, a prosecutor so functions if, pre-indictment, he visits a crime scene, endeavoring to identify the source of a bootprint left there. Similarly, a prosecutor also functions as an investigator when he participates in the search of a suspect's apartment.

Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citation omitted).

Because this court must accept as true Krocka's factual allegation that Peters

- 4 -

directed jail personnel to copy and monitor his mail, which included correspondence with the attorney appointed to represent Krocka in ongoing criminal proceedings, this court cannot determine whether Peters was performing the function of a prosecutor or of an investigator. See Burns v. Reed, 500 U.S. 478, 494-96 (1991) (prosecutor entitled to only qualified immunity and not absolute immunity for the giving of legal advice to the police). Whether Peters is entitled to absolute immunity or qualified immunity under these circumstances is addressed more appropriately by a motion for summary judgment. See Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-82 (11th Cir. 2002) (determining on summary judgment whether prosecutor is entitled to absolute immunity or qualified immunity).

Accordingly, the defendants' motions to dismiss (Doc. 38, 42 and 53) are **GRANTED** to the extent that the complaint is limited to the July, 2004, alleged interference with Krocka's mail. The motions (Doc. 38, 42 and 53) are **DENIED** in all other respects. The parties have until **MONDAY, JUNE 18, 2007**, to complete discovery. Motions for summary judgment are due **THIRTY (30) DAYS** after the close of discovery.

ORDERED in Tampa, Florida, on March 27, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE