UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT J. KROCKA,

    Plaintiff,

v.                                      Case No. 8:04-cv-2437-T-23MSS

CAL HENDERSON, et al.,

    Defendants.
_____/

## ORDER

Krocka was a pretrial detainee confined in the Hillsborough County jail when he commenced this civil rights action pursuant to 42 U.S.C. § 1983. This case is limited to the defendants' allegedly intercepting Krocka's incoming and outgoing mail in July, 2004. See order (Doc. 57).

Krocka misunderstands the limitations on his constitutional rights during his detention. The intercepting, reviewing, and screening of Krocka's mail during his detention is not governed by the Fourth Amendment. Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("[T[he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."). Consequently, the requirement of probable cause and a search warrant does not apply during pretrial detention. Instead, Krocka's claim is limited to his First Amendment right to send and receive mail, a right his custodians can restrict pursuant to a regulation that is "reasonably related to

legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), citing Turner v. Safley, 482 U.S. 78, 89 (1987). See also Procunier v. Martinez, 416 U.S. 396 (1974). Ripe for decision are several discovery motions, many of which are partially due to Krocka's confusion between a detainee's First and Fourth Amendment rights.

Peters's motion for a protective order (Doc. 75) and Krocka's motion to compel (Doc. 77) are **GRANTED** in part. Krocka has until **MONDAY, OCTOBER 1, 2007,** to submit to Peters a new set of interrogatories, limited to only the July, 2004, incident[1] and limited to responding to Peters's assertion of both absolute and qualified immunity. Peters shall respond to the interrogatories on or before **FRIDAY, NOVEMBER 2, 2007**. Krocka's motion to extend the time (Doc. 77) to respond to Peters's motion for summary judgment (Doc. 75) is **GRANTED**. Krocka has until **MONDAY, DECEMBER 10, 2007**, to file his opposition. Krocka's motion to compel (Doc. 77) is otherwise **DENIED**, and his second motion to compel (Doc. 80) is **DENIED** as moot.

The custodian defendants'[2] motion for a protective order (Doc. 76) and Krocka's motions to compel (Doc. 79), for a more definite statement (Doc. 78), to amend or supplement his interrogatories (Doc. 82), to enlarge the number of allowable interrogatories (Doc. 82), and to extend the discovery deadline (Doc. 86) are **GRANTED** in part. Krocka has until **MONDAY, OCTOBER 1, 2007,** to submit to the

---

[1] See order at 2 (Doc. 57).

[2] Hillsborough County Sheriff's Office employees Major Robert Lucas, Lieutenant Terance Griffiths, Lieutenant Tammy Otto, and Sergeant David Fleet.

custodian defendants a new set of interrogatories, limited to only the July, 2004, incident and limited to responding to the custodian defendants' assertion of qualified immunity. These defendants must personally respond to the interrogatories as required by Rule 33, Federal Rules of Civil Procedure,[3] and serve Krocka with their responses on or before **FRIDAY, NOVEMBER 2, 2007**. The remainder of the defendants' motion for protective order (Doc. 76) is **GRANTED**. Krocka's motions to compel compliance with a subpoena <u>duces tecum</u> (Doc. 84 and 85) are **DENIED** as moot. Krocka and the custodian defendants have until **FRIDAY, JANUARY 4, 2008**, to file a motion for summary judgment. A party should not expect a further extension of these deadlines.

ORDERED in Tampa, Florida, on _September 14th_, 2007.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

---

[3] The responses to Krocka's earlier interrogatories were not provided by the individual defendants but instead each response was provided by the Hillsborough County Sheriff's Office's "civil claims administrator," an individual without personal knowledge of the basis for the responses to the interrogatories.